Term. Plaintiff concededly received notice of possible defects by November 3, 1976, *after* payment on the check had been stopped, and the record is unclear whether notice may even have been given at an earlier date. These circumstances, in the aggregate, raise an issue of fact whether timely notice of the defects claimed was given by the defendant, and preclude the granting of summary judgment. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.

◼ JAMES A. GELLER, Appellant, v ALFRED S. JULIEN et al., Defendants, and ELLIAS C. HOPPENFELD, Respondent.—Order, Supreme Court, New York County, entered July 7, 1978, providing for a payout of the escrow fund, unanimously affirmed, with $75 costs and disbursements of this appeal to respondent. Appeal from the short-form order of the Supreme Court, New York County, entered May 29, 1978, unanimously dismissed as subsumed in the order of July 7, 1978, without costs or disbursements. The order of Special Term directed the disposition of legal fees being held in an escrow fund. We are in full agreement with the determination made by Special Term. However, since the parties have exhibited an inability to conclude this litigation over fees, we are directing that an order be settled which will, *inter alia,* set forth the exact amount of money being held and provide that defendant Hoppenfeld receive 60% of the fund less the amount of $401. Settle order. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.

◼ M., Appellant, v M., Respondent.—Judgment, Supreme Court, New York County, entered September 30, 1977, unanimously affirmed, without costs or disbursements. It appears to us the arrangement providing for custody and visitation, as reinforced in open court at the trial hereof by stipulation providing for support, complies with the provision for conversion divorce (Domestic Relations Law, § 170, subd [6]). Concur—Kupferman, J. P., Birns, Evans and Lane, JJ.

◼ In the Matter of MOON LUCK CORP., Appellant, v ELINOR GUGGENHEIMER et al., Respondents.—Judgment, Supreme Court, New York County, entered May 19, 1978, confirming the determination of respondent Department of Consumer Affairs and dismissing the petition is unanimously reversed, on the law, without costs and without disbursements, the judgment vacated, the petition reinstated and granted to the extent that respondent Department of Consumer Affairs is directed, subject to an updated investigation of compliance with all other requirements for issuance of a license, to issue to petitioner a cabaret license with a limitation that musical entertainment not exceed one piano and two string instruments. The proceeding was submitted to the trial court on a stipulation of facts agreed to by the parties. The petitioner operates a restaurant and bar business at Whitestone, Queens, and in May, 1956 there was issued for said premises a certificate of occupancy which permitted the use of the cellar for a cabaret (one piano and two string instruments), and the first floor for a restaurant, catering and cabaret (one piano and two string instruments). It is conceded that petitioner has a right to continue whatever uses are provided in the 1956 certificate of occupancy regardless of the fact that the uses do not conform to a 1961 zoning resolution limiting uses to residential from restricted retail. Section 1(hh) of the zoning resolution in effect at the time of issuance of the certificate of occupancy defined cabaret as a place where "musical entertainment, singing, dancing or other similar amusement is permitted in connection with the restaurant business or the business of directly or indirectly selling to the public food or drink, except that